IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



Timothy Andrew Wilson, )
    Plaintiff, )
 )
v. ) 1:12cv1430 (JCC/TCB)
 )
Brent T. Calhoun, )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Timothy Andrew Wilson, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that defendant, a sergeant with the City of Virginia Beach Police Department, violated his constitutional rights by confiscating personal property from plaintiff. Plaintiff has moved to proceed in forma pauperis and to appoint counsel. After reviewing plaintiff's complaint, his claim will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1] Plaintiff's motion to proceed in forma pauperis and to appoint counsel will be denied, as moot.

---

[1] Section 1915A provides:

>  (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
>  (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>      (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>      (2) seeks monetary relief from a defendant who is immune from such relief.

1

## I. Background

Plaintiff is incarcerated at Virginia Beach Correctional Center ("VBCC"). Compl., ECF No. 1, at 1. On February 24, 2012, plaintiff sent a letter to defendant Sgt. Calhoun at the Virginia Beach Police Department ("VBPD") inquiring about property that VBPD confiscated from plaintiff. Compl. Ex. A, ECF No. 1-1. In response, Sgt. Calhoun sent a letter to plaintiff on March 5, 2012 and explained:

> We still have some [of your] items here. Inadvertently, we did destroy some items. This was an oversight. Due to the nature of our function on this unit[,] we periodically destroy items that are housed here. Again, this was an error. As such I have made notice to our Risk Management division. The City has a process in place when citizen's property is damaged or destroyed. . . . Upon your release you should come over to our office and receive your other items.

Id. On April 6, 2012, plaintiff was transferred to Central State Hospital to receive treatment to restore his competency to stand trial. Compl., ECF No. 1, at 4–5. Plaintiff states that sometime in July 2012, he filed a claim with the Risk Management division per Sgt. Calhoun's suggestion and "received payment in full, of that claim." Id. at 4. He states that he filed the claim for "over $2,000.00" and "received a total amount of or around $1923.43." Id. at 8.

Sgt. Calhoun sent plaintiff another letter on September 28, 2012, stating:

> I spoke to your attorney today and advised him that the only items that are here that are in your name are two watches and an earring. Other items have either been remitted to the state (CD's and a CD[]Player), or destroyed. You have received notice of items that were previously incorrectly destroyed and you have a claim with the City with that. We also destroyed other items after given [sic] you notice that items would begin a process of review. Anything here after 60 days can be deemed unclaimed by State Code. In your case we greatly extended that time to 8 months and gave you information as to how to have these items picked up by a third party. The items that are here will be turned over to the state towards the end of October.

Compl. Ex. C, ECF No. 1-3 (labeled as "Exhibit C + H"). Plaintiff alleges that "Sgt. Calhoun knew that I wasn't in a position to make competent decisions and still issue [sic] a 60 day notice

on me while at Central State Hospital." Compl., ECF No. 1, at 6. Plaintiff believes Sgt. Calhoun's actions were unprofessional and unethical and violated his rights. Id. at 11. He claims that in addition to the two watches and earring, which he alleges are valued at $1900.00, VBPD has "$19,500.00 worth of property, that Sgt. Calhoun destroyed or [is] stolen or redeemed remitted by state code . . . ." Id. at 8.

Plaintiff also alleges that, when he was arrested, an Officer Wells "place [sic] all 3 pieces of my luggage and a sealed Fed-Ex package into the trunk of his patrol car. . . . There they illegally searched my property without me being present. During this search, Officer Wells opened a sealed Fed-Ex package, which is a federal offense." Compl., ECF No. 1, at 7.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of

3

action, supported by mere conclusory statements, do not suffice" to meet this standard, Id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950. Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III. Analysis

Plaintiff has failed to state a claim that defendant violated his right to due process. The Fourteenth Amendment provides that, "no state shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. amend XVI § 1. Thus, to violate procedural due process, defendant's actions must implicate plaintiff's interest in "life, liberty, or property." Hewitt v. Helms, 459 U.S. 460, 466 (1983). A procedural due process claim actionable under § 1983 "is not complete unless and until the State fails to provide due process." Zinermon v. Burch, 494 U.S. 113, 125–26 (1990). Procedural due process is a guarantee of fair procedures—typically, notice and an opportunity to be heard. Goss v. Lopez, 419 U.S. 565, 579 (1975).

Here, defendant has provided plaintiff with adequate notice concerning the handling of his property. Plaintiff was advised that a third party could retrieve the property for him and chose not to avail himself of the opportunity. He was also advised of the process by which he

could be compensated for property that defendant admitted to negligently destroying, and plaintiff has been compensated "in full" by his own admission.

In a case indistinguishable from the present action, the Fourth Circuit held that the plaintiff, who alleged that Maryland police officers seized and unlawfully retained property belonging to plaintiff, had to first avail himself of state tort remedies before being bringing a § 1983 claim. Mora v. City of Gaithersburg, 519 F.3d 216, 230 (4th Cir. 2008). Virginia has provided adequate remedies for deprivations caused by state employees. Under the Virginia Tort Claims Act ("VTCA"), Va. Code Ann. § 8.01-195.3, Virginia has waived sovereign immunity for damages for "negligent or wrongful" acts of state employees acting within the scope of employment. The Fourth Circuit has held that the VTCA and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. See Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985). Here, plaintiff states with specificity his thorough use of the administrative grievance process, but he cannot show that the state process is constitutionally inadequate because he has not availed himself of state tort remedies. Therefore, he cannot state a constitutional claim.

Whether plaintiff alleges that he was deprived of his property negligently or intentionally, the availability of post-deprivation procedures is sufficient to satisfy the requirements of due process. Furthermore, because the availability of a tort action in state court fully satisfies the requirement of meaningful post-deprivation process, plaintiff cannot state a claim for the loss of his property under the Fourteenth Amendment.

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[2] this dismissal may affect his ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's request to proceed in forma pauperis (Docket # 3) and motion to appoint counsel (Docket # 4) be and are DENIED, as moot.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Memorandum Opinion and Order to plaintiff and to close this civil case.

Entered this 21st day of _____ 2012.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge

---

[2] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.